### HUMPHREY *against* CASE:

#### IN ERROR.

If one person do an illegal and wrongful act, to the injury of another, it is no defence that such act was done under a void process.

*Litchfield,*
*June, 1830.*

Humphrey
*v.*
Case.

Therefore, where *A.*, an indifferent person, made a false and fraudulent return of a writ of attachment in favour of *B.* against *C.*, and in consequence of such return, a judgment was rendered against *C.*, and an execution issued thereon, on which the property of *C.* was taken and sold ; *C.* then brought a petition for a new trial, which was granted ; and in bringing and prosecuting such petition, he incurred great expense and was subjected to much trouble and loss of time ; all the damages thus sustained by him having accrued by means of the false and fraudulent conduct of *A.*; in an action on the case, brought by *C.* against *A.*, it was held, that *A.* was responsible for the injury, although such writ of attachment, for want of some legal requisites, was void, and the proceedings under it, were, consequently, void.

THIS was an action on the case, brought by *Naaman Case* against *Ansel Humphrey,* for a false return of " a certain instrument or writing purporting to be a writ of attachment." The declaration stated, that on the 16th of *September,* 1823, *Benjamin Weed* jun., then a justice of the peace, made and delivered to the defendant, to serve and return, a certain instrument or writing, purporting to be a writ of attachment, in favour of *Benjamin Weed* against the plaintiff and *Oliver Case* jun. and *Newton Case,* returnable to the county court of *Hartford* county, on the second *Tuesday* of *November,* 1823. The writing was then recited. It was then averred, that on the back of such writing, the said *Benjamin Weed* jun. made the following certificate :

" *Hartford* county, *ss. Canton, Sept.* 16th, 1823.
" Personally appeared *Samuel Weed,* and made solemn oath, that he verily believed the plaintiff to be in danger of losing the within described debt, unless an indifferent person be deputed for the immediate service of this writ, before me, *Benjamin Weed* jun., justice of peace." The declaration proceeded to state, that this writing, with such certificate endorsed thereon, was, on the same day, received by the defendant, as an indifferent person, to serve and return ; and that, on the next day, he made his endorsement thereon as follows : " *Litchfield* county, *ss. Barkhamsted* and *New-Hartford, Sept.* 17th, 1823. Then, by virtue hereof, I made diligent search throughout my precincts, for goods or chattels of the within named defendants, whereof to attach, and could find none. I also made diligent search for the defendants, to attach their bodies, but could not find either of the said defendants within my precincts. Whereupon I left true and attested copies of this writ at the usual places of abode of the within named *Oliver Case* jun., and

*Newton Case*, in *Barkhamsted*. I also left a true and attested copy of this writ at the usual place of abode of the within named *Naaman Case*, at *New-Hartford*. Attest. *Ansel Humphrey*, indifferent person." The declaration then averred, that the indorsement so made by the defendant, was false, negating each clause separately ; and that the defendant made it, with intent to injure and defraud the plaintiff and said *Oliver* and *Newton*, and with a design to procure a judgment against them, without their knowledge. The declaration further stated, that the defendant, after having made oath to his endorsement before a justice of the peace, returned the writing, with the indorsements thereon, to the clerk of the court, who entered it in his docket ; that *Benjamin Weed* appeared, but the present plaintiff and said *Oliver* and *Newton*, being three times publickly called, made default of appearance, " whereupon the said court rendered a judgment, or pretended judgment, in favour of said *Benjamin Weed*, against the plaintiff and the said *Oliver* and *Newton*, by default, in said pretended suit, for the sum of 127 dollars and 25 cents, debt or damages, and for the sum of 7 dollars, 17 cents, costs of suit, although the plaintiff then had a good defence ;" that an execution, issued on such judgment or pretended judgment, was afterwards put into the hands of an officer, who levied it upon a pair of oxen, of the value of 60 dollars, the property of the plaintiff, and sold them at the post in part satisfaction of the execution ; that neither the plaintiff, nor said *Oliver* and *Newton* had any notice or knowledge of said pretended suit until the execution was levied ; that they afterwards brought a petition for a new trial to the *Hartford* county court, on the ground of their want of notice, which was granted ; that in bringing and prosecuting such petition, the plaintiff necessarily expended a large sum of money, *viz*. not less than 500 dollars, and was subjected to much trouble and loss of time, of the value of 200 dollars ; and that all the damages sustained by the plaintiff, accrued by means of the said false and fraudulent acts and conduct of the defendant.

The cause was tried in the superior court, at *Litchfield*, *August* term, 1829, on the general issue ; and a verdict was returned for the plaintiff, with 150 dollars damages. The defendant moved in arrest of judgment for the insufficiency of the declaration. The court overruled this motion, and rendered judgment for the plaintiff on the verdict ; whereupon the present writ of error was brought, by the defendant.

*Bacon* and *J. W. Huntington*, for the plaintiff in error, contended, 1. That the process and proceedings thereon being void, they could not be made the foundation of an action.

2. That if the plaintiff below had sustained any actionable injury, his remedy was against the creditor in the pretended suit.

*Benedict* (with whom were *P. Miner* and *W. G. Williams*) for the defendant in error.

BISSELL, J. It is admitted, that the writ alleged to have been returned, was a void process ; and that all the proceedings under it were *coram non judice*, and utterly void.    *Case v. Humphrey*, 6 *Conn. Rep.* 130.

And here it was contended, by the plaintiff in error, that the writ and process, and the judgment thereon being void, no action lies against the officer, for a false and fraudulent return. The declaration alleges, that upon the judgment so rendered an execution issued, on which the plaintiff's property was taken and sold ; that he was compelled to prefer his petition for a new trial ; that in bringing and prosecuting such petition, great expenses were necessarily incurred ; and all the damages, sustained by the plaintiff, are averred to have arisen, in consequence of the wrongful and fraudulent conduct of the defendant.

The question, then, raised by this objection, is resolvable into this.    If one person do an illegal and wrongful act, to the injury of another, is it any defence, that such act was done under a void process ? The statement of the question would seem to suggest the only answer, which can be given, and to preclude the necessity of further discussion.

The doctrine contended for would be a reproach to the law, and is entirely opposed to all its analogies.    Thus, an action lies for a malicious prosecution, although the indictment were defective ; and also where it was preferred *coram non judice*. 1 *Selw. N. P.* 807.    *Jones v. Gwynn*, *Gilb. Rep.* 185. S. C. 10 *Mod.* 148. 214.    *Wicks v. Fentham*, 4 *Term Rep.* 247. *Elsee v. Smith*, 1 *D. & R.* 97.    *Chambers v. Robertson*, 1 *Stra.* 691.

In the case last cited, the court, unanimously, held, that the action would lie, though the indictment were bad.    And the reason given is, " that a bad indictment serves all the purposes

of malice, by putting the party to expense, and exposing him, but it serves to no purpose of justice, in bringing the party to punishment, if he be guilty." Indeed, since it has been settled, that expense alone is a sufficient ground to maintain the action, there would seem to be no further room for controversy, on this point. For it is surely very immaterial to the party, whether the expense were incurred in defending against a good or a bad indictment. So in the case before the Court. It is not denied, that if there had been a false and fraudulent return of a *valid process*, by means of which an injury had been sustained, redress for such injury, might have been had against the officer, who committed the wrongful act. Does it mitigate the wrong of the one party, or the injury to the other, that the process is void ?

But it is said, that the plaintiff has his remedy against the party suing out such void process ; and, therefore, the officer ought not to be held liable. The premises may be true, but the conclusion does not follow. That the defendant below was *one only of the parties, to an unlawful act,* is surely no defence ; unless another ground taken in the argument be tenable, *viz.* that] the declaration having disclosed a conspiracy between the defendant and others, *all* should have been made parties, and *all* must have been found guilty, in order to sustain the verdict. In answer to this, it is only necessary to say, that the doctrine has been exploded, ever since the action on the case in the nature of a conspiracy was adopted.

I am of opinion, that the declaration is sufficient ; and that there is nothing erroneous, in the judgment complained of.

The other Judges were of the same opinion.

Judgment affirmed.