HAWLEY and another *against* PARROTT and another.

Actions may be brought originally to a county court adjourned from a regular term to a distant day.

THIS was an action of book debt.    By the writ, which was dated the 4th of *February,* 1835, the defendants were required " to appear before the county court, to be holden at *Fairfield,* within and for the county of *Fairfield,* on the third *Tuesday* of *March* [then] next."

The defendants appeared and pleaded as follows :    " *T.* &

*F. W. Hawley* v. *Parrott & Hubbell.*   *Fairfield* county, county court, *January* term, 1835.

" Now, the defendants in court, on this 19th day of the session of said term, holden at *Fairfield*, on the 1st *Thursday* of *January*, 1835, and continued by adjournment to this day, protesting that this court have no jurisdiction of said suit, defend, plead and say, that the plaintiffs' suit and writ and process ought to abate and be dismissed, because they say, that said suit, writ and process are not returnable to this court, but are returnable to a county court, to be holden at *Fairfield*, in and for said *Fairfield* county, on the third *Tuesday* of *March*, 1835, which is not this present term of court now in session, which commenced its session, sits and is holden on the first *Tuesday* of *January*, 1835 ; and because they say, said writ and process was served on the defendants, on the 4th day of *February*, 1835, and not before, and was returned to the clerk of this court, and entered in the docket thereof, at this *January* term thereof, on the 19th day of the session of said court, and not before, to wit, on the 18th day of *March*, 1835, and not before ; which was not forty-eight hours before the commencement of the session of said court, and was not within the three first days of the term of this court.   Wherefore, the defendants say, that they are not bound to make answer to said suit, and pray that the same abate and be dismissed, and be erased from the docket of this court."

The plaintiffs replied, that an adjourned term of said county court was legally held, commencing on the third *Tuesday* of *March*, 1835 ; and said writ and process were made returnable to said adjourned term, and returned to the clerk of said court, on the second day of said adjourned term, at the opening of said court ; and by leave of said court, said suit was then entered in the docket of said court.

To this replication the defendants demurred.   The county court adjudged the replication sufficient, and ordered the defendants *to answer over*.   From this judgment the defendants appealed to the superior court ; and the questions arising on the demurrer were reserved for the advice of this Court.

*Wheeler*, in support of the demurrer.   He cited and relied on *Cutler* v. *Wadsworth*, 7 *Conn. Rep.* 6.

*Hamlin*, contra.

*Fairfield,*
*June, 1835.*

Hawley
*v.*
Parrott.

BISSELL, J.   The principal question presented by this record, and, indeed, the only one, which has been insisted on, in the argument, is, whether an action may be brought to an adjourned court, when the court is adjourned to a distant time.

It has been objected, by the defendants' counsel, that the court is holden, and is described as holden, only on the first day of the term ; and that an adjournment to a distant time, does not vary or affect the principle ; that it is still a continuation of the statute term ; that the court is still considered as holden on the first day only ; and that there is no distinction, in this respect, between an adjournment to a distant time and an adjournment from day to day.

It is true, that a court is described as sitting on the first day of the term only ; and that this, and all the successive days of the term, make but one day, in contemplation of law.   But this is a legal fiction ; and whenever the purposes of justice require it, this fiction may be contradicted, and the particular day, upon which an act was done, may be shown.   *Cutler* v. *Wadsworth,* 7 *Conn. Rep.* 6.

There is also a well settled distinction between an adjournment at a distant time, and an adjournment from day to day. The latter is a power, necessarily, incidental to every court. But the legislature seem to have thought, that some provision on their part was necessary to authorize the courts in this state to adjourn to a distant day.   Accordingly, at the revision of 1672, it was enacted, that the judges and justices of the respective county courts should be empowered to adjourn their respective courts, upon any necessary occasion, as they should see cause, to some distant time : and the same enactment has been continued through the subsequent revisions of the statutes.   In 1720, an act was passed empowering the judges of the county court in *New-London* county to adjourn to, and hold their adjourned courts either at *Norwich* or *New-London,* as they should judge convenient.   In 1784, it was enacted, that any special or adjourned court, in the county of *Fairfield,* might be holden either at *Fairfield* or *Danbury,* as the judges should order and determine.   And in 1795, an act, containing similar provisions, was passed with regard to the county of *Middlesex.*

In pursuance of these salutary provisions, adjourned courts have been holden, it is believed, in all the counties in the state ; and, in most cases, at regular and stated periods.   And so far

as we have been able to ascertain, these adjourned terms, (as they have been denominated,) have been attended by nearly, if not all, the incidents of a statute term. Causes have been carried forward to them, as from term to term. New juries have been summoned, and bills of costs taxed, in the same manner, as though the term had been prescribed by law. And what has a more important bearing on the question now before us, it has been the uniform practice, for more than half a century, to bring actions to these adjourned courts, in the same manner as to the statute terms. And this practice, so far as we have been able to ascertain, has been acquiesced in, and unquestioned. Were this practice, now, for the first time, sought to be introduced, we might well hesitate before we gave it the sanction of this Court. We feel the full weight of the objections, which have been pressed upon us, by the defendants' counsel; and that it is exceedingly difficult to reconcile them with the theory of our law. But we think, the practice has been too uniform, and too long continued, now, to be disturbed. By declaring it to be illegal, we should, doubtless, shake the foundations of many titles, and impair the confidence of the community in the stability of judicial proceedings.

It is readily admitted, that no practice, however uniform and extensive it may have been, can controul the express provisions of a statute. But the practice we are considering does not contravene the explicit provisions of any law. For although the statutes empowering courts to adjourn to a distant time, do not expressly authorize the bringing of actions to such adjourned courts; yet neither do they forbid that actions should be thus brought. And although practice cannot controul the law, yet where it has been long continued, uniform and unquestioned, it affords high evidence of what the law is. Upon the ground of such a practice, we are of opinion, that the plaintiffs' replication is sufficient; and would so advise the superior court.

In this opinion the other Judges concurred.

Judgment for plaintiffs.