## DOANE *against* CUMMINS:

### IN ERROR.

The party injured by a vexatious suit may sustain an action on the statute, to recover his damages, without joining a demand in favour of the public for the fine.

If, in such an action, the acts complained of show a violation of the statute, and the declaration aver, that by force of the statute a right of action has accrued to the plaintiff to recover the damages demanded, this is sufficient, without a formal averment of *contra formam statuti.*

Where the jury, in such an action, gave a verdict for the plaintiff for a cer-

tain sum as treble damages, which the court accepted, and rendered judgment for that sum ; it was held, that such judgment was not erroneous ; for the verdict furnished a definite rule to the court, and it made no difference in the result, whether the jury found treble damages, to be the amount of the judgment, or single damages, to be trebled by the court.

The time and order of admitting evidence in the trial of a cause, are subject to the discretion of the court ; and the exercise of such discretion furnishes no ground for the reversal of the judgment by writ of error.

In revising a decision upon the admissibility of evidence, the party complaining of the decision must be confined to the specific objection taken at the trial, and stated on the face of the bill of exceptions.

*Windham,*
July, 1835.

Doane
*v.*
Cummins.

THIS was an action on the statute to prevent vexatious suits, brought by *Cummins* against *Doane,* alleging, That the defendant, on the 29th of *October,* 1833, in the name of *Abby Coone,* commenced against the plaintiff, without probable cause, with a malicious intent unjustly to vex the plaintiff, an action of book debt, by writ of attachment, returnable to the county court of *Windham* county, held at *Brooklyn,* on the second *Tuesday* of *December,* 1833, demanding sixty dollars damages ; that the defendant, with the same malicious intent to vex the plaintiff, caused said writ to be served upon him, and his lands to be therewith attached ; caused it to be returned to said county court and entered in the docket thereof; and caused the suit to be proceeded with and prosecuted before said court to final judgment ; that when the defendant prayed out said writ and caused it to be served, the plaintiff was not indebted, and has never been indebted, to said *Abby Coone,* which was well known to the defendant; that after a full trial of the cause, the jury returned a verdict in favour of the plaintiff, which was accepted by the court, and judgment was rendered thereon for the plaintiff to recover his costs, amounting to 5 dollars, 10 cents, and no more ; that by means of these wrong doings and proceedings, the plaintiff was put to great trouble, expense and vexation, in employing counsel, procuring the attendance of witnesses, and his own travel and attendance, amounting to 23 dollars more than the taxable costs; and that by force of said statute, a right of action has accrued to the plaintiff to recover of the defendant treble damages.

The defendant pleaded the general issue, on which the cause was tried before the county court, in *August,* 1834.

To establish the point, that the suit instituted, by the defendant, in the name of *Abby Coone,* on the 29th of *October,*

1833, was instituted maliciously and without probable cause, the plaintiff claimed, that the debt then sued for was settled and fully paid, by him, to *Abby Coone,* on the 17th of *September,* 1833; and that this appeared upon the books of *Doane & Treat,* with the knowledge and consent of the defendant, (he being one of that firm) by a discount made on such books; the amount being credited to *Abby Coone,* and charged to the plaintiff. The defendant claimed, that the plaintiff had been in the employment of *Doane & Treat,* under a written contract, and that on the 17th of *September,* 1836, they had over-paid him; in consequence of which the discount was never made, although it was so entered.   To rebut this claim of the defendant, the plaintiff introduced evidence to prove, and claimed that he had proved, that on said 17th of *September, Doane & Treat* received *Nelson Eglestone* to work for them, under said written contract, as a substitute for the plaintiff, and thereupon released the plaintiff from further services under such contract.   In obedience to a *subpœna duces tecum, James S. Treat,* one of the firm of *Doane & Treat,* brought into court the ledger of the company, containing the transfer, as originally made but then erased, and also the time-book and three day-books, which were read in evidence and laid in before the jury.   One *Stillman,* a witness called by the defendant, testified, that he kept the time-book, and made the entries therein, and that *Nelson Eglestone* did not work, as a substitute for the plaintiff, with the consent of *Doane & Treat,* but was put in there, upon the plaintiff's account alone.   After this witness, with the other witnesses on both sides, had been dismissed, by the consent of the parties, and had gone from court, and after the cause had been argued, by the defendant's counsel, the plaintiff's counsel called upon *James S. Treat* to exhibit entries made by him in the books to the credit of *Nelson Eglestone* of his work in lieu of the plaintiff's.   *Treat* refused to make the exhibition requested; whereupon the plaintiff's counsel, both to contradict the testimony of *Stillman,* and to rebut the claim of the defendant in relation to *Eglestone's* labour, offered to read to the jury an entry on the time-book, that it was performed for *Doane & Treat,* and not for the plaintiff, commencing at the time the plaintiff stopped work; and offered also to read from the ledger an account with *Eglestone,* wherein said labour was

credited to *Eglestone*, by *Doane & Treat*. To this evidence the defendant objected ; but the court admitted it.

The jury found the defendant *guilty*, and that " the plaintiff recover of the defendant the sum of sixty-five dollars, treble damages, and costs." The defendant then moved in arrest of judgment, for the insufficiency of the declaration, and because the jury gave treble damages. The court adjudged the declaration sufficient, and decided, that the jury might by law find treble damages, as specified in their verdict ; and thereupon rendered final judgment for the plaintiff, according to the verdict. The defendant, having filed a bill of exceptions, brought a writ of error in the superior court ; which was reserved for the advice of this court.

*Goddard* and *Strong*, for the plaintiff in error, contended,

1. That the action should be *qui tam*. The statute gives the party injured, the right to three-fold damages, and with this provides a fine to the county treasury. *Stat.* 477. *tit.* 107. 1 *Sw. Dig.* 587. 735. *Dutton* v. *Tracy*, 4 *Conn. Rep.* 79. *Coundell* v. *John*, 2 *Salk.* 505. 1 *Bac. Abr.* 62. (*Gwil.* ed.)

2. That the declaration should have concluded *contra formam statuti*. 1 *Wms. Saund.* 135. n. 3. *Peabody* v. *Hayt*, 10 *Mass. Rep.* 36. *Haskell* v. *Moody*, 9 *Pick.* 162. *The Commonwealth* v. *Stockbridge*, 11 *Mass. Rep.* 281. If so, the omission of these words is fatal after verdict. 1 *Chitt. Plead.* 358. *Lee* v. *Clark*, 2 *East* 333. *Myddelton* v. *Wynn, Willes* 599.

3. That the jury should not have three-folded the damages. This was out of their province.

4. That the entry in the books of *Doane & Treat* could not be used against *Doane*, not being brought home to him ; especially, at the time under the circumstances of its admission. The action was against *Doane* only, though it grew out of the affairs of *Doane & Treat*. The defendant did not, and could not give their books in evidence ; and when the *plaintiff* caused them to be produced, in an action against *Doane* for a tort, no entry in them would affect him, except as it was brought home to him. The plaintiff's counsel was permitted, in his closing argument, after the witnesses, including the book-keeper, were dismissed, by agreement of parties, to use

*Windham,*
*July, 1835.*

*Doane*
*v.*
*Cummins.*

the account of *Eglestone* in the books of *Doane & Treat,* not before read or referred to.

*Judson,* for the defendant in error, contended, 1. That the action was properly brought in the name of *Cummins* alone, without joining the public. He is entitled to no portion of the fine, which goes to the county treasury. He leaves the county to recover the fine, and the state to prosecute the defendant as a common barrator, at the discretion of the proper public officer. Where a moiety of the forfeiture or damages is given to the public, and the other moiety to the party injured or the person prosecuting, the public must be joined ; but in all those cases, where the entire forfeiture or damages, is given to the party, the public not only need not, but should not, be joined. 1 *Chitt. Plead.* 41. 1 *Sw. Dig.* 585, 6. *Fowler* v. *Frisbie,* 3 *Conn. Rep.* 320. *Bradley* v. *Baldwin,* 5 *Conn. Rep.* 288. *Ross* v. *Bruce,* 1 *Day* 100.

2. That if the public should have been joined, the nonjoinder should have been pleaded in abatement. 1 *Chitt. Plead.* 41.

3. That the verdict of the jury finding a certain sum as *treble damages,* does not render the judgment erroneous. If it is necessary that the jury should find *single* damages, they have virtually done it, in this case ; because they say the sum mentioned in their verdict is *treble* damages ; consequently, *single* damages must be one third of that sum. *Id certum est,* &c. Every reasonable construction is to be made in support of a verdict. *Huntington* v. *Ripley,* 1 *Root* 321. *Beekman* v. *Chalmers,* 1 *Cowen* 584.

4. That the judgment is not erroneous, by reason of the admission of the evidence objected to. In the first place, that evidence was made relevant, by the claims of the defendant. Secondly, it is entirely within the *discretion* of the court in what *order* and within what *time,* evidence shall be submitted to the jury, and it is not the subject of a writ of error. It is like the granting of a new trial, the continuance of a cause, &c. *Bright,* exr. v. *Eynon,* 1 *Burr.* 397. per *Denison,* J. *Henderson* v. *Moore,* 5 *Cranch* 11. *Kimball* v. *Cady, Kirby* 41. *White* v. *Trinity Church,* 5 *Conn. Rep.* 187. *Lewis* v. *Hawley,* 1 *Conn. Rep.* 49. *Woods* & al. v. *Young,* 4

*Cranch* 237.    *Mansfield* v. *Mansfield* & al. 6 *Conn. Rep.*

WAITE, J.    The statute upon which the original action was brought, provides, that the offender "sh all be liable to pay treble damages to the party injured, and be fined the sum of seven dollars for the use of the treasury of the county where the offence was committed."    It is claimed, that the suit was erroneously brought, because the plaintiff ought to have sued for the fine as well as the damages.    But this claim is unfounded. The injured party was under no obligation to sue for the fine in which he had no interest.    There is no necessary connexion between the damages given to the injured party, and the fine imposed for the benefit of the public.    Whenever a statute, for the commission of an offence, imposes upon the offender a fine payable to the state, or some public treasury, and at the same time, gives damages to the injured party, the latter may sustain his action to recover his damages, without demanding the fine in his declaration.    ——— v. Hundred of ——— *Cro. Car.* 336.    *Com. Dig. tit.* Action. E. 1.    *Woodgate* v. *Knatchbull,* 2 *Term Rep.* 148.    So a public prosecution may be sustained for the fine alone.

It is further claimed, that the declaration is bad, because there is no averment that the acts complained of were committed *against the statute.*    The use of such an averment is, to shew that the action is founded upon the statute.    In this case, the action is brought directly upon the statute.    The acts complained of shew a violation of it ; and the declaration avers, that by force of the statute, a right of action has accrued to the plaintiff to recover the damages demanded.    These averments are sufficient.    Besides, the question has already been decided, by this court, in the case of the *Town of Barkhamsted* v. *Parsons,* 3 *Conn. Rep.* 1.

Although in actions brought for the recovery of treble damages, the usual, and perhaps the better way, is, for the jury to find the single damages, and for the court to render judgment for treble the amount ; yet it is not indispensably necessary that course should be adopted.    It is the duty of the court to see that judgment is rendered for the proper sum.    Whether the jury find the single or the treble damages, a definite rule is given, by which the court can determine the amount for which judgment

may be rendered. *Cross* v. *The United States*, 1 *Gallis.* 26. The court, in this case, by accepting the verdict, and rendering judgment for the treble damages found by the jury, complied with the requirements of the law, and did no injustice to the defendant in the original action.

From the bill of exceptions it appears, that *Doane*, the defendant below, and *Treat*, were partners. Their books were produced, read in evidence, and laid in before the jury. It does not appear, that any objection was made to their admission, by *Doane*, the defendant. The counsel of the plaintiff below, afterwards offered to read to the jury two entries upon these books. The defendant, *Doane*, objected to the admission of this evidence; but the court overruled the objection, and allowed the entries to be read in evidence to the jury. The ground of the objection does not sufficiently appear. It is not stated in the bill of exceptions, that any reasons were assigned why these entries ought not to be read. It would seem from the facts detailed, that the principal reason, if not the only one, was, that the evidence was offered at too late a period in the trial of the cause, after all the witnesses, except one, had been dismissed, by the agreement of the parties, and after the counsel for the defendant had closed his argument to the jury. It was certainly very late to receive evidence; but the admission of it, at that time, can furnish no ground for the reversal of the judgment upon a writ of error. A variety of matters must necessarily be left to the discretion of the court, before whom the trial is had, and which cannot be reviewed upon a writ of error. Of this sort are questions respecting the continuance of causes, the amendments of pleadings and petitions for new trials. *The United States* v. *Buford*, 3 *Peters' U. S. Rep.* 32. *Chirac* v. *Reinicker*, 11 *Wheaton* 280. 302. *Marine Ins. Co. of Alexandria* v. *Hodgson*, 6 *Cranch* 206. *White* v. *Trinity Church*, 5 *Conn. Rep.* 187. So too, the time and the order of admitting testimony in the trial of a cause, must be left to the discretion of the court.

It is also said, that the entries ought not to have been read, because it does not appear, that they were made by *Doane*, or with his knowledge. But it does appear, that the entries were made upon the books of *Doane & Treat*, and that one of the entries was made by them. It would be too much for this court, in view of these facts, and in the absence of any allegation of

the kind, to presume, that the entries were made without the knowledge and authority of *Doane.* If such had been the fact, it ought to have been so claimed, by the defendant below, and stated in the bill of exceptions. The rule laid down by Judge *Story*, in the case of *The Bank of the U. States* v. *Winship* & al. 5 *Mason* 176. and afterwards approbated, by Chief Justice *Marshall*, (5 *Peters*, 529.) is, that ordinarily the presumption is, that all the partners have access to the partnership books, and may know the contents thereof; but that this is a mere presumption from the ordinary course of business, and may be rebutted, by circumstances, positively or presumptively repelling an inference of access. No facts or circumstances are shewn to repel this presumption.

Besides, it is a general principle, that a party in examining the admissibility of evidence, ought to be confined to the specific objection taken at the trial, and stated on the face of the bill of exceptions. *Kensington* v. *Inglis* & al. 8 *East* 279. *Hinde's* lessee v. *Longworth*, 11 *Wheaton* 199. To adopt a different rule would be sanctioning a course of practice calculated to mislead. From the facts stated in the bill of exceptions, we are not authorised to say, that the judgment of the county court in admitting the evidence, ought to be reversed.

The superior court must, therefore, be advised, that there is no error in the judgment complained of.

WILLIAMS, Ch. J. and BISSELL and HUNTINGTON, Js. were of the same opinion.

CHURCH, J. gave no opinion, not having heard the arguments of counsel.

Judgment to be affirmed.