## STONE *against* STEVENS.

*New-Haven,*
July, 1837.

Stone
*v.*
Stevens.

12  219
69  348

An action on the case for a malicious prosecution, before a court not having jurisdiction, may be maintained, if the proceedings are malicious, without probable cause, and productive of legal damage to the party proceeded against.

Where the plaintiff in an action for a malicious arrest under a search-warrant, introduced the original complaint and search-warrant, accompanied with satisfactory parol proof that such warrant was issued, by the procurement of the defendant, and that the plaintiff was arrested thereon, tried, acquitted and discharged ; and the plaintiff afterwards offered in evidence, a document purporting to be an authenticated copy of the record of a judgment by a justice of the peace, as evidence conducing to prove such arrest, trial, acquittal and discharge ; which, after being objected to, by the defendant, was admitted, by the court, and the plaintiff obtained a verdict ; it was held, that as such copy proved only what had been proved by other evidence, without objection, no injustice had been done to the defendant, and a new trial on that ground was refused.

Where the defendant in such action, having proved, that on the former trial, he had summoned three material witnesses in support of the complaint, who neglected to attend ; that he thereupon moved a postponement of the trial ; that the plaintiff opposed this motion ; and that the justice overruled it, and proceeded to trial, and thereupon acquitted the plaintiff,—urged to the jury, that these facts, if believed by them, afforded sufficient evidence that the defendant had probable cause for the prosecution ; and that his motives were honest, sincere, and without malice ; and the judge in his charge did not particularly call the attention of the jury to these facts, nor instruct them that they afforded evidence of probable cause, or the absence of malice, but instructed them, that it was incumbent on the plaintiff to prove, notwithstanding such trial and acquittal, that the defendant had no probable cause for the prosecution, and that his motives were malicious ; remarking generally, that it was their duty to weigh and consider all the claims of the parties and the evidence in support of them, whether especially reminded of them, by the court, or not ; it was held, that this charge was unexceptionable, as it met the whole case, and enabled the jury to exercise their appropriate duty of passing upon the facts.

Whether the decisions of the justice, in such case, regarding the admission of evidence and the postponement of the trial, were correct, cannot be enquired into collaterally, (if the latter be the subject of revision at all) in a different suit between the same parties.

To shew probable cause, the facts proved must be such as would reasonably induce an impartial and reasonable mind to suspect and believe that the party prosecuted had committed the offence charged ; but mere suspicion or conjecture does not amount to probable cause.

To constitute probable cause for a prosecution for *theft*, it is not sufficient that such circumstances existed as would cause such suspicion and belief that the party prosecuted had *taken* the articles alleged to be stolen ; the taking of an article from another not being necessarily synonymous with the stealing of it.

To sustain an action for a malicious prosecution, it is incumbent on the plaintiff to shew malice in the defendant.

But the jury may infer malice from want of probable cause.

This presumption may be rebutted, by shewing, that the prosecution was instituted and carried on, without malice and for justifiable ends.

Where the defendant in an action for a malicious prosecution, claimed, that in order to entitle the plaintiff to a recovery, the malice of the defendant and the innocence of the plaintiff must be *obvious* to the jury, and prayed the court so to instruct them, which was not done ; it was held, that such omission was no ground for a new trial, the instruction sought, not being sufficiently precise and definite.

Where a party against whom a verdict was given, moved to set it aside, on the ground that some of the jurors, while the cause was under consideration, had conversed with one of the witnesses concerning it, but did not file such motion until after the expiration of twenty-four hours from the time when the verdict was accepted ; and the court refused to receive such motion, as not having been filed in seasonable time ; it was held, 1. that it was competent to the court to limit the time within which such motions should be received ; 2. that the limitation of twenty-four hours was proper, being in conformity to a long-established, uniform and reasonable practice ; 3. that the rule embraced motions for matters *dehors* the record, as well as where they are apparent on its face ; 4. that in the computation of the time within which such motions are to be filed, *Sundays* are to be excluded.

THIS was an action on the case for a malicious arrest, under a search-warrant ; tried at *New-Haven, January* term, 1837, before *Church,* J.

On the trial, the plaintiff introduced the original complaint and search-warrant set forth in the declaration, accompanied with satisfactory parol proof, that the warrant was issued and served, at the instigation and by the procurement of the defendant ; that the body of the plaintiff was arrested thereon ; and that he was tried, and finally acquitted and discharged. In addition to this evidence, the plaintiff offered a document, purporting to be an authenticated copy of a record of *Joseph Bennett,* Esq., a justice of the peace, as evidence conducing to prove the arrest, prosecution, trial and acquittal on the search-warrant, as alleged in the declaration. To the admission of this evidence, the defendant objected ; but the court admitted it, for the purpose for which it was offered.

The defendant introduced evidence to prove, and claimed that he had proved, that on the trial upon the search-warrant, before Justice *Bennett,* he appeared, claiming the articles taken by the officer, on the search-warrant, as his property, and of-

New-Haven,
July, 1837.

Stone
v.
Stevens.

'ered himself as a witness to sustain the allegations in the complaint. The present plaintiff objected to his competency as a witness, claiming that he was liable for the costs of the prosecution, and interested in its event. The justice refused to admit the defendant as a witness, and he did not testify.

The defendant also introduced evidence to prove, and claimed that he had proved, that three material witnesses in support of the complaint, having been duly summoned, neglected to appear before Justice *Bennett ;* and that the present defendant moved and urged a postponement of the trial, for a reasonable time, that those witnesses might appear and testify ; that the present plaintiff opposed this motion ; and the justice overruled it, and proceeded to trial without them, and acquitted and discharged the present plaintiff. The defendant then claimed, and urged to the jury, that the aforesaid facts, if believed by them, afforded sufficient evidence that he had probable cause for the prosecution upon the search-warrant, and for all his proceedings in the prosecution ; and also, that his motives were honest, sincere, and without malice. The defendant also claimed, that the proceedings of Justice *Bennett* were improper and illegal ; and requested the court so to charge the jury.

The court, in charging the jury, did not particularly call their attention to those facts, nor instruct them that they afforded evidence of probable cause or the absence of malice, as claimed by the defendant. But the court instructed the jury, that it was incumbent on the plaintiff to prove, notwithstanding such trial and acquittal, that the defendant had no probable cause for the prosecution, and that his motives were malicious ; because the acquittal might have been by reason of the absence of full proof of guilt, or in consequence of the mistake or error of the justice. The court did not inform the jury, that the decisions of the justice were illegal ; but instructed them, in respect to the whole case and the evidence thereon, that it was their duty to weigh and consider all the claims of the parties, and the evidence in support of the same, whether especially reminded of them, by the court, or not.

It appeared and was agreed, that all the witnesses whose testimony the defendant expected, and for whose attendance he had requested Justice *Bennett* to postpone the trial before him,

*New-Haven,*
*July, 1837.*

Stone
*v.*
Stevens.

were present, and testified, on the trial of this cause, at the defendant's request.

To shew probable cause, the defendant offered evidence to prove, and claimed that he had proved, that the piece of drab cloth, described in the complaint and warrant, as well as the other articles described therein, were missed, by the partner and workmen of the defendant, soon after the plaintiff left the defendant's service; that the plaintiff went away, offended with the defendant; and that not long afterwards, and a little before the search-warrant was procured, the defendant's partner, and some of his workmen employed in the same shop where the plaintiff had been at work for the defendant, informed him, that the drab cloth was missing, as well as some or all of the other articles mentioned in the search-warrant; and that thus they suspected the plaintiff had taken them away with him.

The court instructed the jury, that if they believed this evidence, and that the defendant was thereby induced to believe, that the plaintiff had stolen the drab cloth and other articles, and that he was influenced thereby in prosecuting the search-warrant, this would furnish evidence of probable cause.

The defendant claimed of the court to charge the jury, that if such circumstances existed as would cause a suspicion in a reasonable mind, that the plaintiff had taken the articles described in the search-warrant from the defendant, it amounted to probable cause; and that the malice of the defendant, and the innocence of the plaintiff must be obvious to the jury, to authorize a verdict for the plaintiff.

The court did not so instruct the jury, but did instruct them, that if they found such facts proved as would reasonably induce an impartial and reasonable mind to suspect and believe, that the plaintiff had stolen the property of the defendant, as claimed by him, or was secreting the same, such facts would amount to sufficient evidence of probable cause; but that mere conjecture or suspicion did not amount to such probable cause as would justify the defendant. The court further instructed the jury, that it was incumbent upon the plaintiff to prove malice in the defendant, in the prosecution of the plaintiff. But if they found, that the defendant had proceeded without probable cause, they might presume from that circumstance, that the prosecution was malicious. And yet if the defendant had, to

New-Haven,
July, 1837.

Stone
v.
Stevens.

their satisfaction, rebutted such presumption, which he might do, and proved that he instituted and prosecuted the search-warrant without malice, or for justifiable ends, their verdict ought to be rendered in his favour, notwithstanding they might believe there was no probable cause.

The jury returned a verdict for the plaintiff; and the defendant thereupon moved for a new trial.

After the lapse of more than twenty-four hours, but within forty eight hours, after the verdict was returned into court, the defendant moved in arrest of judgment, on the ground of certain conversations had, by three of the jurors, with one of the witnesses, relating to the merits of the cause, after the jury had been empannelled, and while the cause was under consideration by them ; the particulars of such conversations being stated in the motion. The court refused to receive the motion, as not having been filed within twenty-four hours after verdict, and adjudged it not receivable.

The defendant excepted to this decision ; and, by motion in error, brought the record before this court for revision.

*R. I. Ingersoll* and *Mix*, in support of the motion, contended, 1. That the record of Justice *Bennett* was improperly admitted, for the purpose of shewing that the plaintiff had been "arrested, prosecuted, tried and acquitted." No such trial and acquittal for *theft* could be had on a search-warrant; and therefore, no legal record could be made of it, on that warrant. All offences must be prosecuted, by known public officers. *Stat.* 150. 160. 291. (ed. 1835.) The search-warrant is a common law remedy to *search* for stolen goods, and is not a statute mode of prosecution. In 2 *Sw. Dig.* 771. 2. the form of a search-warrant is given ; but there is no form for making up a judgment thereon. Such a thing was never known.

2. That it can make no difference that the judge says, that there was other *satisfactory* evidence. It was for the jury to say, whether the evidence was satisfactory. That the legal evidence is satisfactory, in the opinion of the judge, does not authorize him to admit illegal evidence.

3. That the judge erred in deciding, that to show probable cause for issuing the search-warrant, such facts must be proved as would reasonably induce an impartial and reasonable mind

*New-Haven,*
*July, 1837.*

Stone
*v.*
Stevens.

to suspect and *believe* that the plaintiff had stolen the property, or secreted it. It is enough, if the complainant strongly *suspects*, not *believes*. No man can be impartial in his own case. In *Frisbie* v. *Butler, Kirby,* 213. *Grumon* v. *Raymond,* 1 *Conn. Rep.* 40., and *Riley* v. *Gourley,* 9 *Conn. Rep.* 154. and in 2 *Sw. Dig.* 251., the term "suspects" alone is used.

4. That the motion to set aside the verdict should have been received, though made after twenty-four hours. The statute provides, that "if any juror shall converse with any person concerning the cause, except his fellows, while it is under consideration, or shall voluntarily suffer any other person to converse with him, such verdict, on motion, may be set aside." *Stat.* 48. *tit.* 2. *s.* 46. No time is limited for the motion, as is done in other cases where the legislature intended to fix a limit; as in motions in error, for new trials, &c. *Stat.* 113, 4., 415. (ed. 1835.) All other motions in arrest are within the discretion of the court, and the court may limit the time; but here is an excepted case—excepted by statute. The rules of practice give no such rule as is contended for here. 2 *Sw. Dig.* 835. Such a rule would, in effect, abolish the law. The misconduct of the jurors may not be, and in this case, was not discovered, until after the twenty-four hours had elapsed.

*Kimberly,* contra, contended, 1. That the record was admissible to prove the arrest, prosecution, trial and acquittal. The proceedings were *judicial.* It was a prosecution commenced and concluded. The warrant was a legal one, according to all practice. It is not necessarily founded on the complaint of an informing officer. *Riley* v. *Gourley,* 9 *Conn. Rep.* 154. *Secor* v. *Babcock,* 2 *Johns. Rep.* 203. 1 *Sw. Dig.* 495. 2 *Hale, P. C.* 151. 2 *Stark. Ev.* 907. 918.

2. That the facts in controversy were proved, by other testimony; and consequently, a new trial will not be granted.

3. That the charge was correct as to the admissibility of the witness before the justice, he being liable to costs, and the right to the possession of the property being involved. Besides, the errors of the justice do not affect the question.

4. That the charge of the court on the point of probable cause, was correct: it was indeed *liberal* in favour of the defendant. 1 *Chitt. Crim. Law,* 50. *Thompson* v. *Mussey,* 3 *Greenl.* 311, 12. *Munns* v. *Dupont Nemours,* 3 *Wash. C.*

*C. Rep.* 31. *Wilmarth* v. *Mountford* & al. 4 *Wash. C. C. Rep.* 79.

New-Haven,
July, 1837.

Stone
*v.*
Stevens.

4. That the motion in arrest ought not to have been received. This rule has been adopted in practice in all the counties. The statute of 1821 was made in view of this practice; and was not intended to change it. Some limitation of time is necessary, especially as to *extrinsic* facts; and there can be none more reasonable than that prescribed by the rule.

But at any rate, this is not a subject of error. If there is no rule, the subject is within the discretion of the court; and this court cannot say, that such discretion was not exercised soundly.

*Baldwin,* on the same side, declined argument.

HUNTINGTON, J. Exceptions were taken to the proceedings in the court below, which appear on the motion for a new trial, and to the decision of the judge refusing to receive the motion to set aside the verdict, which is the foundation of the motion in error.

The court admitted a copy of a document, purporting to be a record of *Joseph Bennett,* a justice of the peace, as evidence conducing to prove the arrest, prosecution, trial and acquittal of the plaintiff, on the search-warrant, as alleged in the declaration. The defendant insists, that his objection to this evidence should have been sustained. He supposes that the proceedings before the justice, were ministerial and not judicial, and therefore, not the subject of a record; that the warrant to arrest was illegal and void, not being authorized by law; and consequently, that the plaintiff's remedy was by action of *trespass,* and not on the case for a malicious arrest.

It is unnecessary to decide whether our constitution and laws authorise the arrest of a defendant, upon a search-warrant. We express no opinion on that point. But if it be prohibited, the consequence deduced from it, by the defendant, does not follow. It is not a legitimate inference from the premises assumed. An action on the case for a malicious prosecution, may be maintained, where the court has no jurisdiction, if the proceedings are malicious and unfounded, and without probable cause, and occasion legal damage to the party accused. Precedents of such actions are frequent in the history of judicial trials; and they are conformable to the principles which

*New-Haven,*
*July, 1837.*

Stone
*v.*
Stevens.

govern these actions. They are well expressed by the court, in *Chambers* v. *Robinson,* 1 *Stra.* 691. " A bad indictment serves all the purposes of malice, by putting the party to expense, and exposing him, but it serves no purpose of justice in bringing the party to punishment, if he be guilty." *Wickes* v. *Fentham,* 4 *Term Rep.* 247. *Pippet* v. *Hearn,* 5 *B. &* *A.* 634. *Humphrey* v. *Case,* 8 *Conn. Rep.* 101. *Whipple* v. *Fuller,* 11 *Conn. Rep.* 582.

Nor is it necessary for us to determine, whether the copy of the record of the justice was legally admissible : for the motion states, that the plaintiff introduced the original complaint and search-warrant, accompanied with satisfactory parol proof, that the latter was issued and served at the instigation and by the procurement of the defendant ; that the plaintiff was arrested thereon ; and that he was tried, acquitted and discharged. To this evidence, no objection was made. The copy proved no more than this ; and we cannot, therefore, but see, that no injustice has been done the defendant, by the introduction of the copy. We have repeatedly held, that the application for a new trial is addressed to our discretion. We never sustain it, where the verdict is right, and consistent with the facts and justice of the case. *Bates* & al. v. *Coe,* 10 *Conn. Rep.* 280. *Johnson* v. *Blackman,* 11 *Id.* 342.

The defendant also claimed, that the proceedings before the justice, were irregular, erroneous and illegal, inasmuch as he refused to permit him to testify in support of the complaint, and denied a motion for an adjournment, founded on reasonable and proper grounds ; and the defendant asked the court to instruct the jury, that these facts, if believed by them, afforded strong and sufficient evidence that he had probable cause for the prosecution ; and that his motives were honest, sincere and without malice in these proceedings. It is hardly necessary to remark, that the instruction asked, was properly refused ; for if the evidence was admissible, the jury were to judge whether he acted honestly and without malice. The court would not have been justified in withdrawing from their consideration, this matter of fact peculiarly within their province. *Coit* v. *Tracy* & al. 8 *Conn. Rep.* 268. *Ravenga* v. *McIntosh,* 2 *B. &* *C.* 693. *McDonald* v. *Rooke,* 2 *Bing. N. C.* 217. The instruction which was given, was well adapted to the case, and conformable to the rules of law applicable to it. The court

*New-Haven,*
July, 1837.

Stone
*v.*
Stevens.

made no particular allusion to the preceding facts; nor did they state, that the orders and decisions of the justice were illegal; but they did inform the jury, that the plaintiff, notwithstanding the trial and acquittal, was bound to prove, that the defendant had no probable cause for the prosecution, and that the motives of the defendant were malicious; because the plaintiff might have been acquitted, "by reason of the absence of full proof of guilt, or in consequence of the mistake or error of the justice:" and having received the testimony of all the witnesses, whose absence occasioned the motion for postponement before the justice, instructed the jury, that it was their duty to weigh and consider all the claims of the parties and the evidence in support of them, whether especially reminded of them, by the court, or not. We do not perceive any just exception to this charge. It met the whole case, as presented; and enabled the jury to exercise their appropriate duty of passing upon the facts, and returning a verdict according to the evidence before them. It may be added, however, as to the objection, that the justice rejected proper evidence offered by the defendant, and refused to postpone the trial, it is quite clear, the court below could not notice these facts for the purpose of instructing the jury as to their *sufficiency* to prove probable cause and want of malice, as it was claimed by the defendant, they should have done. If the justice mistook the law in rejecting the testimony of the defendant, the appropriate remedy for the party aggrieved, if there be any, for such mistake in proceedings of this character—a point we do not decide—(*Francis* & al. v. *Lewis,* 11 *Conn. Rep.* 200.) was by a writ of error founded on a bill of exceptions: And if the discretion of the justice was not properly exercised, (a fact which we do not know,) it is not the subject of revision at all, even by writ of error; much less can this court enquire, collaterally, into the propriety of that act, in a trial between the same parties in a different suit; and especially, where we are not furnished with the means of ascertaining whether the discretionary power of the justice was abused, or suitably exercised. *Woods* & al. v. *Young,* 4 *Cranch,* 237. *White* v. *Trinity Church,* 5 *Conn. Rep.* 187. *Doane* v. *Cummings,* 11 *Conn. Rep.* 152.

It is also objected, that the judge at the circuit omitted to charge the jury as to the existence of probable cause, derived from the proof offered, that the "*piece of drab cloth*" de-

scribed in the complaint, was missed, by the partner and work-men of the defendant, soon after the plaintiff left the defend-ant's service, connected with the accompanying facts stated in the motion. It is supposed, that the instruction was such, that the jury could not infer probable cause from this evidence, un-less they should find it applied to the *other articles* mentioned in the complaint, as well as the piece of cloth, inasmuch as they were informed, "that if they believed the evidence, and that the defendant was thereby really induced to believe, and did believe, the plaintiff had stolen the cloth and *other articles*, and that he was influenced thereby in prosecuting the search-warrant, it would furnish evidence of probable cause." It is a sufficient answer to this objection, that the instruction was in precise conformity to the prayer of the defendant. The motion states, "that the defendant offered evidence to prove, that the piece of drab cloth described in the complaint, as well as *the other articles* described therein, were missing, &c. ;—" that the defendant was informed, by his partner and some of his workmen, that the cloth, *as well as some or all the other ar-ticles* mentioned in the search-warrant, were missing; and that they suspected the plaintiff had taken them away with him." It would be a novel practice to grant a new trial for a supposed misdirection on a point of law, which was ruled in ac-cordance with the claim, and expressed in the words of the par-ty seeking a new trial.

Another exception taken to the proceedings on the trial, is founded on the refusal of the judge to charge the jury, in the manner claimed by the defendant, as to what amounts to proba-ble cause, and the proof of malice essential to sustain the ac-tion : and also on the supposed erroneous instruction which was given, on these points. The instruction *asked* was this : " If such circumstances existed as would cause a *suspicion*, in a reasonable mind, that the plaintiff had *taken* the articles de-scribed in the search-warrant, from the defendant, it amount-ed to probable cause ; and that the malice of the defendant, and the innocence of the plaintiff, must be *obvious* to the jury, to authorise a verdict for the plaintiff." Independent of other objections to this direction, it would clearly have been open to the objection, that it was not sufficiently precise and definite ; and was calculated to mislead the jury as to the principles of law, by which they were to be governed. Under such a

charge, they might have supposed, they were at liberty to find a verdict for the defendant, even had they been satisfied, that the plaintiff took the articles from the defendant, in his presence and under a claim of right, and that they were the property of the plaintiff.   To *take* an article from another, and to *steal* it, are not necessarily synonymous expressions.   The plaintiff might have removed them, and yet not be chargeable with theft.   The defendant might have had a reasonable suspicion, that they " were *taken*" by the plaintiff, but not the slightest reason to suppose, that the plaintiff had *stolen* them : Yet the court were asked to inform the jury, that if such circumstances existed as would create a suspicion in a reasonable mind, that the plaintiff had *taken* the articles, it would amount to probable cause.   There would have been, at least, some ground to apprehend, that the jury might have been misled, by the language of such a charge.

As to the claim for an instruction, " that the malice of the defendant and the innocence of the plaintiff must be *obvious* to the jury," the same want of precision, and the same danger of misconception, would have attached to it.   The word " obvious," might have received different interpretations, by different jurors.   Some of them might have supposed it meant the highest attainable certainty ; others, that it was to be understood as meaning absolute certainty, to the exclusion of all doubt ; and others, might suppose it meant reasonable certainty.   The court, very properly, secured the parties against the consequences of these different interpretations, in the instruction which was given, and which is now to be examined.

It was as follows : " If they found such facts proved, as would reasonably induce an impartial and reasonable mind to suspect and believe, that the plaintiff had stolen the property of the defendant, as claimed by him, or was secreting the same; such facts would amount to sufficient evidence of probable cause ; but that mere conjecture or suspicion did not amount to such probable cause as would justify the defendant :"—" That it was incumbent on the plaintiff, to prove malice in the defendant, in the prosecution of the plaintiff; but if they found, that the defendant had proceeded without probable cause, they might presume from that circumstance, that the prosecution was malicious. And yet, if the defendant had, to their satisfaction, rebutted such presumption, which he might do, and

proved, that he instituted and prosecuted the search-warrant, without malice and for justifiable ends, their verdict ought to be rendered in his favour, notwithstanding they might believe there was no probable cause." That part of the instruction, which relates to the necessity of proving malice, the presumptive evidence of it, and the right of the defendant to rebut the presumption, is in accordance with the opinion of this court in *Ives* v. *Bartholomew*, 9 *Conn. Rep.* 309., and with the cases of *Wells* v. *Noyes* & al. 12 *Pick*. 324., and *Williams* v. *Taylor*, 6 *Bing*. 183., and is not questioned.

The only objection to this charge, suggested in the argument, (except the points already considered,) is, that it advances a rule which is unreasonable and impracticable. It is said, that the defendant, being a party interested, cannot be impartial ;—that he cannot view the facts in the same equitable and just light as they would be seen and weighed, by a stranger to the transaction ;—that if he is required to divest himself of all feeling, and to conform his suspicions and belief to the standard " of an impartial and reasonable mind," it would be difficult, if not impracticable, in any doubtful case, to prove probable cause.

It is further said, that the phrase " probable cause," has reference to apparent guilt merely ; and that reasonable *suspicion*, although not amounting to *belief*, is a sufficient justification. We are satisfied with the rule, as stated by the court below ; and we think it sustained, by high authority. The jury were informed, that mere conjecture, or suspicion, did not amount to probable cause ; and this is unquestionably correct. They were also informed, that to constitute it, the facts must be such as would reasonably persuade an impartial and reasonable mind, not merely to suspect or conjecture, but to believe the plaintiff guilty. We cannot readily perceive how there can be a well grounded or reasonable suspicion of the existence of a fact, without there is also a belief of it. We easily see, there may be mere suspicion or conjecture, without any reasonable evidence to induce belief; and such suspicions ought not to be made the ground of legal proceedings, without incurring the consequences of failure. The law ought to require, and, we think, it does require, of him who institutes proceedings of the character before us, to have a reasonable belief, that the charge which he makes, is true ; that he should not be permitted to

New-Haven,
July, 1837.

Stone
v.
Stevens.

gratify the promptings of mere suspicion, under the forms of law, and when proved to be utterly groundless, to shelter himself from liability at the suit of the injured party, by alleging that he suspected, although he had not evidence sufficient to induce the belief, that the charge was true. If he is honest in his belief, he may be said to act impartially, in forming the opinion which he entertains; and the rule given to the jury, is both reasonable and practicable, and is sustained by authority. *Ravenga* v. *McIntosh,* 2 *B. & C.* 693. *Thompson* v. *Mussey,* 3 *Greenl.* 305. In *Willis* v. *Noyes,* 12 *Pick.* 324. *Shaw,* Ch. J. says: "The question of probable cause applies to the nature of the suit, and the defendant's knowledge and *belief;* and the point of enquiry is, whether he had probable cause to maintain the particular suit upon the existing facts known to him." "Had the defendants any probable cause for commencing that suit; and had they in fact any ground to *believe* they could maintain it? If they had not, then the action was without probable cause." "Had the defendants probable cause, or did they know or *believe,* that the suit was groundless? They might introduce proof, by shewing a reasonable ground, on their part, to *believe* that the action might be sustained." "Legal advice, if used only as a cover, and not acted upon in good faith; if it does not induce an *honest belief* that the party has probable cause; will not screen him from the consequences of prosecuting an entirely groundless suit." In *Blackford* v. *Dod* & al. 2 *B. & Adol.* 179., Lord *Tenderden,* alluding to the case of *Ravenga* v. *McIntosh,* 2 *B. & C.* 693., says, the defendant's defence was, that "he acted honestly in arresting, because he prosecuted on the opinion given him, by his legal adviser; and to show that, he gave in evidence the opinion founded on a statement made by himself. Such a defence necessarily introduced a question of fact, whether he did act honestly on the faith of the opinion which he had obtained, *believing* that the party might lawfully be arrested." In *Munns* v. *Dupont Nemours* & al. 3 *Wash. C. C. Rep.* 31., *Washington,* J. thus expresses the opinion he entertained on this point: "What then is the meaning of the term 'probable cause?' We answer, a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves, to warrant a cautious man in the *belief* that the person accused is guilty of the offence with which he is charged." In

*Wilmarth* v. *Mountford* & al. 4 *Wash. C. C. Rep.* 79., the same judge, after quoting the preceding definition, says, " to the definition given in this case, the court adheres."

The question between these parties, in the second case, arises upon the motion in error. It appears, that a motion to set aside the verdict, for the alleged improper behaviour of some of the jurors, was made after the expiration of *twenty-four* hours from the time when the verdict was recorded. The court refused to receive it, it not being filed in seasonable time ; and this decision we are called upon to revise. The defendant claims he has a legal right to make this motion, at any time during the term of the court in which the trial is had ; that this is a matter which cannot be regulated by practice ; and if it can, there has been no practice inconsistent with this claim.

We have not been referred to any statute, which *prohibits* the court from limiting a time within which motions of this kind shall be filed. It was said, indeed, that at the revision in 1821, a provision was made, that if any juror shall converse with any person concerning the cause, except his fellows, while it is under consideration, or shall voluntarily suffer any other person to converse with him, the verdict, on motion, may be set aside ; and imposing a fine upon such juror, if convicted of such improper conduct. So far as the provision relates to setting aside the verdict, it is in affirmance of our common law. It introduced no new rule. The section in which it appears, was adopted, as it is stated in the note by the revisors, *p.* 50., to sanction, by law, a practice, which had prevailed, and which was supported by a judicial determination, to permit the jury, after a cause had been committed to them, to separate and take refreshments, so as to give them a reasonable opportunity to consider the cause and agree upon their verdict. There is no essential difference, in respect to the time when motions in arrest and to set aside verdicts, should be made, between those which are for extrinsic, and those for intrinsic causes. If there be any, it would seem reasonable that a *shorter* time should be allowed, in cases like the present, than in those where the grounds of the motion arise out of the record. If the legislature did not think proper to fix the time of the filing them, it is reasonable to suppose they did not intend to alter the existing practice on the subject. They were conversant with this practice ; and nothing appears, which leads us to suppose they

intended to vary it. It would be very inconvenient to extend the period for filing such motions. A restraint as to time, if not necessary, is, certainly, highly promotive of the ends of justice; and is sanctioned, by long continued and uniform usage. The eldest member of the court cannot recollect any period when the rule was otherwise, than that these motions are to be made within twenty-four hours after verdict; and applied to all cases, as well where the matters are dehors the record, as where they are apparent on its face. In view of a practice so long established, so uniform, and so reasonable, we are all of opinion, that the decision at the circuit, was correct. The same power which this court has exercised, in requiring motions for new trials to be filed within forty-eight hours after verdict, for the purpose of facilitating the administration of justice, and preserving the just rights of parties, exists in the other courts, to require motions to set aside verdicts, and arrest judgments, to be filed within twenty-four hours after verdict, and has its origin in the same source. In *Beach* v. *Admrs. of Hall, Kirby,* 235. decided in 1787, the superior court held, that "no motion in arrest is admissible, unless made within twenty-four hours from the return of the verdict." The same point was ruled in *Sheldon* & al. v. *Woodbridge* & al. 2 *Root*, 473.; and is stated to be the settled practice, in 1 *Root*, 572. A practice so ancient, so uniform, and so well calculated to promote the purposes of justice, we have no disposition to change. That power alone which *makes* law, should alter it, if it be altered at all. We have had occasion, during the present term, (Town of *Huntington* v. *Birch* & al. ante, *p.* 149.) to repeat what we have often declared in previous cases, that although no practice, however uniform and extensive it may have been, can controul the express provisions of a statute; yet the practice we are considering does not contravene the explicit provisions of any law; and when it has been long continued, uniform and unquestionable, it affords high evidence of what the law is. *Hawley* v. *Parrott*, 10 *Conn. Rep.* 486.

It has been suggested to us, that doubts are entertained, whether *Sundays* are not embraced within the twenty-four hours allowed for filing these motions. We do not know the origin of these doubts; and we think proper to add, they are without foundation. *Sundays* are to be *excluded* in the

*New-Haven,*
July, 1837.
_____

Stone
*v.*
Stevens.

computation of the time, within which these motions are to be filed in court.

The motion for a new trial is denied.

There is nothing erroneous in the judgment of the superior court ; and it is affirmed.

In this opinion the other Judges concurred, except BISSELL, J., who was absent when the case was argued, and gave no opinion.

New trial not to be granted.
Judgment affirmed.