WILLIAM B. BROWN AND ANOTHER *vs.* JOSEPH B. CONG-
DON, EXECUTOR.

A complaint for a new trial will not be entertained where the ground on
which it is sought is the misconduct of a juror, affecting the verdict,
although not discovered by the party seeking a new trial until it was too
late to file a motion in arrest of judgment. (Two judges dissenting.)

A motion in arrest of judgment is the proper and only remedy in such a
case.

WRIT OF ERROR from a judgment of the Superior Court
dismissing a complaint praying for a new trial. The com-
plaint was as follows:—

To the sheriff, &c. By authority of the state of Connec-
ticut you are hereby commanded to summon Joseph B.
Congdon, of New London, as he is the executor of the will
of James Smith, late of New London, deceased, to appear
before the Superior Court, to be held  *  *  ; then and
there to answer unto William B. Brown and Mary E. Gold-
ebar, both of the city of Brooklyn, in the state of New
York, in a civil action, wherein the plaintiffs complain and
say:

*First.* The plaintiffs appealed to this court, at its March
term, 1878, from the decree of the court of probate for the
district of New London, approving of a certain instrument
in writing purporting to be the last will and testament of
said James Smith, deceased.

*Second.* Said appeal came on for trial to the jury at the
September term, 1879, of this court, and a verdict was
rendered sustaining the validity of said will and said decree
of the court of probate approving of said will; which
verdict was accepted by the court, and judgment rendered
thereon at said term.

*Third.* During the trial of said cause to the jury, and
while the case was under consideration, Jefferson Perkins,
one of the jury impannelled in said cause, had a conversa-
tion with James S. Mitchell, of the town of Groton, regard-

ing said cause. Said Mitchell made statements to said Perkins concerning the merits of the cause, derogatory to the claims of the plaintiffs made on the trial, and attempted to persuade him to render a verdict sustaining said will and the decree of said court of probate, and adverse to the plaintiffs.

*Fourth.* By reason of said conversation with said Mitchell, the said Perkins agreed to, and did, unite with the jury in rendering a verdict for the appellees in said cause; and except for said conversation no verdict would have been rendered in said cause in favor of said appellees.

*Fifth.* The plaintiffs had no knowledge of said facts until after the adjournment of said court.

*Sixth.* Said verdict and judgment against the plaintiffs, sustaining the validity of said will and said decree, are unjust.

The plaintiffs claim that said former verdict and judgment be set aside, and that they be allowed a new trial of said cause.

To this complaint the defendant demurred, and the court, (*Hovey*, *J.*,) sustained the demurrer and dismissed the complaint, on the ground that the court had no jurisdiction of the subject matter of the complaint.

*D. Chadwick* and *S. Lucas*, for the plaintiffs.

The Supreme Court may grant new trials of causes for mispleading, discovery of new evidence "or other reasonable cause." Gen. Statutes, p. 447, sec. 1; 1 Swift Dig., 815. The petition must be brought within three years after judgment is rendered. The only question in this case is, whether tampering with the jury, and thus obtaining a verdict, is a "reasonable cause," when the fact is not known until after the close of the term. The claim is made that there is no remedy except by motion in arrest filed within twenty-four hours after verdict. Gen. Statutes, p. 443, sec. 7; Practice Act, p. 3, sec. 6. And the case of *Stone* v. *Stevens*, 12 Conn., 232, is relied upon as conclusive that the Supreme Court has no power on a petition to grant a new trial for misconduct of

the jury, whether the fact is known or not, except on motion made within twenty-four hours after verdict rendered. That case, however, does not authorize any such claim, the only question there discussed being as to the power of the court to fix by its rules of practice the time within which motions in arrest should be made.

The case before the court is not a *motion*, which under the rules must be filed within twenty-four hours. It is a *petition* for a new trial, either in equity or at law, according as the court may determine whether our rights are legal or equitable. Practice Act, p. 3, sec. 6.

We have a right to maintain this petition at law under Gen. Statutes, p. 447, sec. 1. The rule of practice as to motions is rigid, and if we attempt to take advantage of that mode, the motion must be filed within the specified time. But in cases where through no negligence it is impossible to take advantage of the remedy by motion, then the remedy by petition can be used.

The statute authorizing a motion for misconduct of the jury to be made, and which by application of the general rules must be made within twenty-four hours, does not in terms or in spirit exclude the right by petition. Nor does the statute authorizing a petition for a new trial exclude us. It is a broad and liberal act, intended by the legislature to embrace all cases where a reasonable cause is shown, leaving it to the discretion of the court to determine whether the facts show a reasonable cause. It would seem that if a new trial may be granted for mis-pleading, or for newly discovered evidence, it ought surely to be granted when a party has bought up a jury and thus obtained a verdict, and when the complainant had no knowledge of the fact until after the close of the term.

The petition is within the equity jurisdiction of the court. "Equity will interfere in all cases where by accident, mistake, fraud or otherwise, a party has an unfair advantage in proceeding in a court of law, which must necessarily make that court an instrument of injustice, and will also generally proceed to administer all the relief which the particular

case requires." 2 Story Eq. Jur., § 885. " It may be stated as a general principle that any facts which prove it to be against conscience to execute such judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law, but was prevented by fraud or accident without fault or negligence on his part, will authorize a court of equity to interfere." Id., § 887.

In *Jeffery* v. *Fitch*, 46 Conn., 601, the court entertained a bill in equity for a relief against a judgment although the three years had elapsed in which the petition could have been brought by the petitioner at law for a new trial on account of not having notice, on the ground that he had no knowledge of the judgment until after the three years had passed. The same principle should govern in this case, that is, if the party had no knowledge of the fraud until too late to file a motion in arrest, then he should be granted relief on petition. If not, and the Superior Court has no jurisdiction of the subject matter stated in the petition as held by the court below, then there is no remedy for a party thus defrauded.

*A. C. Lippitt* and *J. Halsey*, for the defendant.

This case was tried at the March term, 1879, and at the September term, 1880, a year and a half after, with a view to a new trial, the parties seek to set aside the verdict for misconduct, as it is claimed, on the part of a juror. It is not pretended that the opposing party had any connection whatever with the misconduct, if any such occurred.

1. For such a case the statute first enacted in 1821, provides a specific remedy. It is by motion to set aside the verdict. Gen. Statutes, p. 443, sec. 7. Such a motion is not, it is true, strictly speaking, a motion in arrest; for that is a motion based on matters appearing upon the record. Being a motion to set aside the verdict for matters *dehors* the record, it is said to be of an intermediate character; but in our practice it is known as a motion in arrest. *Hamilton* v. *Pease*, 38 Conn., 120 ; 1 Swift Dig., 802. The case

Vol. l.—20

before the court, therefore, though in form a *petition*, is, in fact, a motion in arrest.

2. A motion in arrest, under our statute and rules of practice, will not be entertained unless made within twenty-four hours after verdict rendered. Gen. Statutes, p. 448, sec. 5; id., p. 449, sec. 6; Rules of Prac., ch. 17, sec. 1, in 18 Conn., 576; Rules under Prac. Act, p. 261.

3. Though the statute passed in 1821 in terms gives to the court power to set aside verdicts for misconduct of jurors, yet it established no new principle. The power had been exercised before as a common law right; and not only exercised, but a time had been established within which the motion should be made. *Beach* v. *Hall's Admrs.*, Kirby, 235; *Sheldon* v. *Woodbridge*, 2 Root, 473; *Stone* v. *Stevens*, 12 Conn., 232; *Hamilton* v. *Pease*, 38 id., 115; *Tomlinson* v. *Town of Derby*, 41 id., 268. And although it is said in the last case that the court could exercise a discretion as to time, yet the court said (p. 271) "a party making a motion of this kind has but twenty-four hours in which to obtain his information and file his motion according to the rule." When the legislature embodied in a statute what had before been the common law, the practice of the court allowing no more than twenty-four hours within which to make the motion was not changed. This practice was known to the legislature, and the conclusion is irresistible that the power was affirmed to be exercised as it had been.

4. Notwithstanding these decisions and rules, the plaintiffs in this case claim that if the time has passed to make a motion to set aside the verdict it will be done if they ask for it in the form of a *petition*. That it may be done at any time within three years, they rely on the statute passed in 1762. Since the passage of that act, a period of nearly one hundred and twenty years, no one has ever before made the claim. All the cases to set aside a verdict have gone up on motion within forty-eight hours under the statute. The fact that no such claim has ever been made before, is a judgment of the whole profession, for more than a hundred years, that the right does not exist. If the principle is now

adopted the flood-gates of litigation will be thrown open. No case tried to the jury can be considered settled till three years have gone by; not only on the ground of misconduct of a juror, but for any and all matters *dehors* the record.

5. Prior to the passage of the law of 1762 *petitions* for new trials were brought to and heard by the legislature, and motions to set aside verdicts, which in effect gave a new trial, were made to the Superior Court. The statute referred to in terms gave the Superior Court power, on the special grounds named, to grant new trials on petition, a power which it never exercised before. But the statute said nothing about new trials through a motion to set aside the verdict; for the power had been assumed and exercised by the court. That it might not be claimed that such power had been taken away by implication, the language was used—" other reasonable cause according to the usual rules in such cases." The right by petition is, therefore, excluded by statute and by practice. *Andersen* v. *The State*, 43 Conn., 516.

CARPENTER, J. The plaintiff in error brought a petition to the Superior Court for a new trial for the misconduct of a juror. The original cause was tried at the September term, 1879. The petition was brought in June following, returnable to the September term, 1880. The petition was demurred to, the Superior Court sustained the demurrer, and the petitioner has brought a writ of error to this court.

The statute authorizing the Superior Court to grant new trials, and under which the petition in this case was brought, is as follows:—" The Superior Court, Court of Common Pleas, District Court, and any City Court, may grant new trials of causes that may come before them respectively, for mispleading, the discovery of new evidence, want of actual notice of the suit to any defendant or of a reasonable opportunity to appear and defend when a just defence in whole or in part existed, or other reasonable cause, according to the usual rules in such cases." Gen. Statutes, p. 447, sec. 1. The question is whether the cause alleged is within the statute.

The statute has been in force since 1762. Our reports show no precedent for a case like this, and, so far as we know, this is the first attempt to set aside a verdict on a petition brought for that purpose under that statute. That of itself is an argument of no inconsiderable force against this proceeding, especially as during all that time there was another well-established mode of setting aside verdicts for such causes.

We are told in *Stone* v. *Stevens*, 12 Conn., 219, that the practice of setting aside verdicts for that cause existed prior to the statute of 1821. In 1808 a case is reported in which a motion in arrest was filed for the misconduct of a juror and the verdict was set aside. *Bennett* v. *Howard*, 3 Day, 219. In *Stone* v. *Stevens*, on page 232, Judge HUNTINGTON says that the statute of 1821, providing that a verdict may be set aside for the misconduct of jurors, was "in affirmance of our common law"—that "it introduced no new rule." That such a practice did prevail cannot be doubted; that it grew up independently of and not under the statute of 1762 is equally clear.

The statute relating to jurors was first passed in 1821 and is now in force. It reads as follows:—"If any juror shall converse with any person concerning the cause, except his fellows, while it is under consideration, or shall voluntarily suffer any other person to converse with him, such verdict, on motion, may be set aside," &c. Here the statute expressly gives a remedy *on motion*, and not by an independent petition brought afterwards. It clearly contemplates a proceeding in the cause before final judgment. A remedy being given, other remedies are excluded.

Under this statute the practice is believed to have been uniform—to take advantage of such misconduct by a motion in error. It is sometimes called a motion to set aside the verdict, but in *Stone* v. *Stevens*, *supra*, it is considered as governed by the same rules and principles as motions in arrest of judgment, being essentially a motion in arrest for matters *dehors* the record. See also *Hamilton* v. *Pease*, 38 Conn., 115; *Tomlinson* v. *Derby*, 41 id., 268.

In view of these facts—that this is the first attempt to apply the statute of 1762 to a case like this, that for nearly sixty years after that statute went into operation the courts adopted and enforced a common law remedy outside and independent of the statute, that in 1821 the legislature saw fit to sanction and affirm that practice, and that since that time the profession has regarded the practice as founded in law and reason—we ought certainly to hesitate to disturb it by introducing a new rule of practice. Such a practical construction of the two statutes, continued for so long a time, ought to be regarded as very high evidence of what the law actually is. Indeed such a state of things ought not to be disturbed except by the legislature.

We regard the practical construction of the statute of 1762 as the correct one. New trials may be granted for mispleading, newly discovered evidence, want of notice, or a reasonable opportunity to appear and defend when a good defence exists, "or other reasonable cause." Several causes are enumerated, and then follows the general clause, which, according to a familiar rule of construction, was intended to embrace other causes only of the same general character. The causes enumerated result from mistakes or accidents, and show that the party has been deprived of some right or privilege that the law intended he should have. They relate to the merits of the case and indicate a probable failure of justice.

The case before us is of a different character. The cause does not necessarily have any reference to the real merits; it is simply the misconduct of one of the triers. It may or may not implicate the successful party; and if it does, the merits of the case, notwithstanding, may be with him. If he is not implicated, then the misconduct is entirely divorced from the merits. But a more important distinction is, that the enumerated causes embrace a class of cases not covered by any other statute, and the design manifestly was to provide a remedy where none previously existed except by legislative action. We think that the general clause should be limited to that class of cases, and not

construed as embracing cases provided for by other statutes; and that the attempt to bring cases provided for by one statute within the operation of another, under general words of this description, ought not to succeed.

In principle, so far as the remedy is concerned, there is a strong analogy between the misconduct of jurors and the errors of the court in ruling upon questions of evidence and in charging the jury. The remedy which the statute provides in the one case is a motion in arrest; in the other it is a motion for a new trial, or, under the present practice, an appeal. In *Andersen* v. *The State*, 43 Conn., 514, we held that the Superior Court has no power, upon a petition for a new trial, to grant a new trial for error in the charge of the court. That case establishes the principle that the special statutory remedy must be resorted to, and seems to be an authority for this case but for the circumstance alleged that the plaintiff did not know of the misconduct in season to take advantage of it by a motion in arrest. But that circumstance can have little or no weight in construing the statute. If the terms of the act are broad enough to apply to unknown misconduct, they must be equally applicable to misconduct which is known.

Ignorance of the fact might address itself to the discretion of the court if the court had jurisdiction, but is hardly a sufficient reason for conferring jurisdiction in a case where the court would not otherwise have it. At first sight it seems plausible that a party should not be deprived of his remedy in a case where the facts come to his knowledge too late to avail himself of the ordinary remedy when he is without fault, and if no one was to be affected by allowing the remedy but the immediate parties to the suit the case would present a somewhat different aspect. But this case, like all others, must be governed by general rules and principles. Those rules and principles have for their ultimate object the public good. It is far better that occasional hardships should be endured than that general rules should be dispensed with.

The rule that a motion in arrest must be filed within

twenty-four hours after verdict is in its nature like the statute of limitations.  All such statutes occasion now and then hardships to individuals, but they are nevertheless of great importance to the public and probably prevent more hardship and injustice than they occasion.

The fact that a party is ignorant of facts touching his rights until after his claim is barred by the statute does not exempt him from its operation.

So here the limitation, although the time is short, is found by experience to be on the whole for the interest of the public.  We no more feel at liberty to disregard it on account of the hardship of a particular case than we do to disregard an ordinary statute of limitations for a similar reason.

It is possible under most legal rules for parties in some instances to suffer injustice.  It is believed however that the rule under consideration has very rarely produced that result.  Hitherto the cases do not seem to have been sufficiently numerous to attract the attention of the legislature, and it is doubtful whether any different rule can be devised which will be more satisfactory than the present one.

There is no error in the judgment complained of.

In this opinion PARK, C. J., and PARDEE, J., concurred.

LOOMIS, J., (dissenting.)  While conceding that there is great force in the reasoning that supports the majority opinion, I feel nevertheless constrained to dissent.  It seems to me a reproach to the law if it affords no remedy for the flagrant injustice which the case discloses.  The demurrer to the petition for a new trial admits all the facts alleged as fully for the purposes of the present inquiry as if found by the court after hearing all the evidence.

The facts then are as follows, (I quote from the record:) —" During the trial of said cause to the jury, and while the case was under consideration, Jefferson Perkins, one of the jury who was impanneled in said cause, had a conversation with James S. Mitchell, of the town of Groton, regarding

said cause. Said Mitchell made statements to said Perkins concerning the merits of the cause, derogatory to the claims of the plaintiffs made on the trial, and attempted to persuade him to render a verdict sustaining said will and the decree of said court of probate, and adverse to the plaintiffs. By reason of said conversation with said Mitchell, the said Perkins agreed to, and did, unite with the jury in rendering a verdict for the appellees in said cause; and except for said conversation no verdict would have been rendered in said cause in favor of said appellees. The plaintiffs had no knowledge of said facts until after the adjournment of said court."

Now if these facts do not constitute "a reasonable cause" within the meaning of the statute concerning new trials, it is difficult to conceive any such cause. But it is said that these words must be construed as importing some other cause of a similar general character. Granting this position for purposes of argument, we think it is brought within the principle and reason of the causes specified.

The principle is that a party should have his day in court, with a full and fair opportunity to present his own side of the case and meet that of his adversary. It is said the petitioner had his day in court before the jury; but of what avail, when a day *out* of court in behalf of the other party nullified it all, and rendered the trial utterly useless.

If Mitchell's statements had been permitted in court and before the entire jury when the petitioner was not present or notified to be, it would have furnished clear ground for a new trial. Is the ground less reasonable because the statement was made when there was no court to restrain the party, no oath to lend its solemn sanction, and no one to answer it?

But again, it is said that the cause relied upon for a new trial is one not affecting the merits. It is difficult to see what can more vitally affect the merits than that which subverts the very foundations of a fair judicial trial, nullifies the effect of all legitimate evidence, and renders the merits of no account as influencing the result.

It is not enough to say that the verdict may have been right. The same might be said of a verdict obtained by bribery.

It should be borne in mind that this is not a case of mere bias or suspicion of bias on the part of a juror, but the illegitimate influence here was successful; it actually produced the verdict. It not only accomplished what the evidence before the court could not do, but it overcame all the evidence on the other side and rendered it of no account. The record is explicit, that by reason of the conversation the juror united in rendering the verdict, and that except for the conversation no verdict in favor of the appellees would have been rendered.

The ground therefore upon which this petition rests is not merely that there was a mis-trial, but that there was no trial at all in contemplation of the law. This distinction is forcibly stated by PEARSON, J., in *State* v. *Tighman,* 11 Ired., 513, on page 553. "When there are circumstances which cast suspicion upon the verdict by showing that there might have been undue or improper influences exerted on the jury, it is in the discretion of the presiding judge to grant a new trial, but if the fact be that undue influence was brought to bear on the jury, as if they were fed at the charge of the prosecutor or the prisoner, or if they be solicited and advised how their verdict should be, or if they have other evidence than that which was offered on the trial, in all such cases there has been in contemplation of law no trial; and this court will direct a trial to be had." See also Hilliard on New Trials, 2d ed., p. 211, § 12.

In this view of the case, were there technical difficulties in applying the statutory remedy, it would seem that a court of equity might relieve against a judgment so obtained and grant a new trial on the ground that it was virtually the same as having no opportunity in court to defend. 2 Swift's Dig., 138; *Jeffery* v. *Fitch,* 46 Conn., 601.

But I think the expression, "other reasonable cause," may well refer to causes which at the time the statute was passed and long before had been so universally recognized

as good ground for a new trial. In 2 Tidd's Practice, p. 817, misconduct of a jury is mentioned among the most prominent grounds for a new trial. It is so in Hilliard on New Trials; see 2d ed., pages 198 to 252. Also in Hirsh on Juries, § 577 to § 626.

And in all the treatises on the subject a distinction is made between new trials for grounds *dehors* the record and arrest of judgment for causes appearing on the record. In *Quinebaug Bank* v. *Leavens*, 18 Conn., 88, CHURCH, C. J., in giving the opinion, says:—"Motions in arrest of judgment in this state for causes not apparent on the record, are in truth only applications for new trials, and are so called and so treated elsewhere;" and the principles that govern new trials were applied to a motion in arrest in that case.

But I am reminded that though the ground referred to might have been appropriate for a new trial, yet in this state another more simple and speedy remedy by motion in arrest has been adopted, first by the courts, and then by the statute of 1821 relative to jurors.

If this remedy must be considered as exclusive it ends our argument. As to parties having knowledge and opportunity I concede that it is the only remedy, but I cannot think that it was ever intended to embrace those who had no knowledge or means of knowledge of the facts relied upon. The very brief time prescribed for action, namely, twenty-four hours, renders this construction most probable. As to those having knowledge it is a wise policy of the law to require such speedy (almost immediate) action, but as to others, who could by no possibility avail themselves of it, it is extremely unjust, and affords a most reasonable cause for the other remedy provided by the statute relating to new trials. This construction too accords best with the analogies of the law; for instance, it is a general rule that an application for a new trial cannot be made after a motion in arrest has been overruled, but this rule is applied only where the party has knowledge of the fact on which he grounds his motion for a new trial at the time of moving in arrest. *Mason* v. *Palmerton*, 2 Carter, 117; *McKinney* v. *Springer*,

6 Ind., 453. In *Knifong* v. *Hendricks*, 2 Gratt., 212, it is held that if a party had no opportunity to move for a new trial in the court where the verdict was rendered, equity will grant a new trial.

As to the argument founded on the fact that an independent application for a new trial for a cause like this has never before appeared in our courts, so far as we know, I must admit it has much force. It is however by no means conclusive, for we do not know that there has ever been any occasion for it. True, if this is so, it is quite surprising; but all persons familiar with the courts know that we are frequently surprised with questions made for the first time, which if we consider their nature we should say must have been often made before. Although there are no precedents from our decisions precisely in point, yet several cases may be cited where, in cases for misconduct of jurors, a motion for a new trial was resorted to instead of a motion in arrest.

In *State* v. *Andrews*, 29 Conn., 100, a motion for a new trial was made and entertained by the Supreme Court, though there had been a previous motion in arrest for the same cause. The cause was that a juror not on the panel made confidential remarks about the case to a juror on the panel, which the latter entertained and discussed. A new trial was advised by this court.

In *Smith and others* v. *Merriman*, heard and determined by this court for the First Judicial District, May term, 1878, (not reported, but the opinion by GRANGER, J., was filed with the clerk of the Superior Court,) a motion for a new trial was made for the reason that a certain writing not admitted in evidence was by inadvertence allowed to go to the jury with the other papers, and a new trial for that reason was advised.

In *Donlin and wife* v. *City of Bridgeport*, heard by this court for Fairfield County at the October term, 1881, the opinion by PARK, C. J., being filed with the clerk, a motion for a new trial was made by the defendant on the ground that one of the jurors who united in a verdict for the plaintiff was interested in the precise question at issue. The

action was for a personal injury received by the plaintiff, Mrs. Donlin, by reason of a defective highway, while riding and using the horse, wagon and harness of the juror, which were also injured at the same time from the same cause. The majority of the court denied a new trial on the merits under the peculiar circumstances of the case, but not because the remedy was mistaken.

Now as to these cases it should be stated that there was no objection to the remedy and no discussion on that subject. I think the party making the motion in each of them had knowledge of the facts, so that he might have moved in arrest, and in strictness the latter was the true remedy.

My object in citing the cases is simply to show that the motion in arrest has not been universally regarded by the profession, nor by the court, as the only remedy in case of misconduct of a juror.

I think there was error in the judgment complained of.

In this opinion GRANGER, J., concurred.